## Saylor v. Mockbie.

1. Copartnership: appointment of a receiver. The District Court has power to appoint a receiver to take charge of partnership assets, to collect debts and convert property into money, and to exercise general control over the same, under the direction of the court.

2. Petition for appointment. The appointment of a receiver may be made upon the petition of a party in interest, showing a probable right to the property in controversy, or to a portion thereof, and that it is in danger of being lost or materially injured or impaired.

3. Partnership assets. One partner cannot appropriate to his own use partnership assets, without the consent of his co-partners, in satisfaction of an indebtedness due him from the firm.

4. Contempt. When a defendant is adjudged to be in contempt in not complying with a rule awarded against him, the Court may refuse to receive his answer to complainant's bill, or to consider the matter therin set up by way of excuse, until he has purged himself of such contempt by complying with the rule.

5. Property restored. When property placed in the hands of a receiver as partnership assets is found upon the hearing to be the individual property of one of the co-partners, it will be restored to the owner.

*Appeal from the Polk District Court.*

MONDAY JUNE 27.

This was a bill in chancery to settle the accounts of a partnership between the complainant and defendant, and for other relief.

Upon the allegation of the complainant in his bill, that defendant had in his possession the books of account of the partnership, and also certain bonds of the county of Hamilton, amounting to the sum of $1040, the property of the firm, which, in the absence of the complainant, he had taken from the bank where they were deposited, and which he holds, together with the books of said firm, refusing to permit the complainant to see the said books or have access to them; and upon the further averment, that defendant was insolvent; that he was acting in bad faith; and that he had disposed of a portion of his property, with intent to hinder and defraud his creditors, an injunction was allowed, restraining him from collecting the debts and accounts due to the complainant, and to the said partnership, and from disposing in any manner of said county bonds, or denying to the complainant access to the partnership books.

This injunction was allowed on the 17th of September, 1858. At the succeeding term of the District Court for Polk County, to-wit: on the 22d of March, 1859, on the application of complainant, supported by his affidavit, showing that the defendant, since the service of the writ of injunction on him, had disobeyed the same, by disposing of a portion of said county bonds, and had refused to permit the complainant to have access to the partnership books, a rule was granted by the court upon the defendant, to appear in court upon the succeeding day, and show cause why he should not be punished for an alleged contempt, in violating the said writ of injuction, and further to show cause why he should not be required to produce in court the said Hamilton county bonds, and the said books of account, to be placed in the hands of a receiver, or in the hands of the said complainant as the

court should think fit. The time allowed to the defendant to answer to the rule, was extended to the 24th day of March,, and the defendant having failed to answer to said rule, and being in default, it was ordered by the court that the rule be made absolute ; and that the defendant be required to bring into court, the said Hamilton county bonds, and the said books of account. An attachment was issued against the body of the defendant, to enforce this obedience to the rule, and in order that he might answer for the contempt alleged: to have been committed by him, in disobeying the injuction.. Under the apprehension that the defendant was about to. abscond, and thus entirely evade the authority of the court, he was arrested under the writ of attachment, and being brought into court, he filed an answer to the complainant's bill of complaint, a motion to dissolve the injunction, and an answer to the rule granted against him. Thereupon, a motion was made by his counsel, that defendant be discharged from arrest. The court, upon hearing of the matter of the contempt, refused to discharge the defendant from arrest, and ordered that he be imprisoned for one day, and until he should comply with the order of the court, by depositing in the hands of the receiver appointed in the cause to take charge of the same, the said county bonds and account books; and until he should disclose the names of the persons to whom he had disposed of a portion of said county bonds. From this order of the court, the defendant appeals.

*Cole & Jewett*, for the appellant.

*M. D. & W. H. McHenry*, for the appellee.

STOCKTON, J.—The District Court has power to appoint a receiver in any civil action or proceeding, on the petition of either party, showing that he has a probable right to any of the property which is the subject of the controversy, and that such property is in danger of being lost, or materially injured or impaired, if satisfied that the interests of one or

both the parties will be thereby promoted, and the substantial rights of neither unduly infringed upon. Such receiver is to take charge of, and control the property, under the direction of the court. *Code, section* 1656. The apointment of a receiver in the settlement of an account between partners, to take charge of the partnership assets, to collect the debts, and convert the property into money, or otherwise dispose of the same as the court may direct, or the parties agree, is the legitimate and regular mode of proceeding in courts of equity, in suits like the present.

The objection taken by the defendant is, that by his answer, it is denied that the Hamilton county bonds are the property of the partnership, or that the complainant has any interest in them. On the contrary thereof, he avers that they are his own property, and should not be placed in the hands of the receiver. Although this denial is made by the defendant, yet he does not deny, but admits that the stock of goods of the firm, was sold to Hyde, as alleged; and that in part payment for the same, there was received from Hyde the $1040, of the bonds of Hamilton county, which the defendant holds in his own possession, and claims to be his own property. This claim of defendant cannot be allowed; it is not shown that the same were delivered to him, with the assent of his co-partner; and he had no right to appropriate them, on the claim that the partnership was indebted to him. But a more sufficient reason for the action of the court, appears to exist in the fact, that the defendant throughout the whole of the proceedings complained of, was in default. He was adjudged to be in contempt of court, in not complying with the rule awarded against him to deliver the books of account of the partnership to the receiver, or bringing them into court for that purpose. Until the defendant had purged himself of this contempt, by obeying the rule of the court, made absolute against him, the court might well refuse to receive his answer to the complainant's bill, or to consider the matters therein set up by way of excuse for his refusal to obey the same.

We think there is no error shown in the order of the court appointing the receiver, and directing the books, &c., to be placed in his hands.   The defendant will in the further progress of the cause, be permitted to show, if he can do so, that the county bonds are his own property, and not the property of the partnership; in such event, the court will direct them to be restored to him.   But at present, it seems to us that the question of his right to the same, is to be determined in this suit, and is to depend upon the decision of the court in the settlement of the partnership business.   The complainant shows by his bill, that these bonds are unsafe in the hands of the defendant; that he is insolvent; and that he is acting in bad faith with the property of the partnership. His answer to the rule served on him, shows that he had violated the injunction, and set at defiance the authority of the court, by disposing of a portion of the Hamilton county bonds.  Under these circumstances, we think, there was ample authority for the action of the court.

The excuse made by the defendant in this court, that the receiver had not been qualified by taking the oath and giving the bond prescribed by the statute, was not urged in the court below, and can have no weight here.

We think the order and judgment ot the District Court should be affirmed, and the cause remanded for further proceedings.

Judgment affirmed.