J. J. CRUMP v. B. M. THOMAS.

*Pleading—Leave to amend answer upon terms—Motion—Apt time.*

1. Where leave is given a defendant to put in an amended answer, provided no matter be set up therein which will affect orders previously made in the cause, such amended answer will be stricken out if it is incompatible with the terms upon which the leave was granted.

2. The motion to strike out the answer was made in apt time under the facts of this case.

(*Wilson* v. *Lineberger*, 82 N. C., 412; *Sanderson* v. *Daily,* 83 N. C., 67; *Mabry* v. *Henry, Ib.*, 298, cited and approved).

MOTION by plaintiff to strike out the amended answer of defendant, heard at Spring Term, 1883, of CHATHAM Superior Court, before *Gilmer, J.*

The plaintiff commenced his action in August, 1880, to enforce an alleged right to redeem the land mentioned in the complaint, and in order thereto for the statement of an account to show what was due from him. The case made in the complaint is in substance as follows:

The plaintiff becoming indebted to the partnership firm of A. J. Bynum & Co., mortgaged the land to them for their security. The indebtedness, at the plaintiff's instance and according to an understanding with the mortgagees, was assumed and paid by one J. W. Scott and the land sold under the mortgage to him, he agreeing that the plaintiff might redeem on reimbursement of the sum advanced with accruing interest. In 1876, Scott unwilling to remain longer out of his money, the plaintiff applied to the defendant to take up the debt due to Scott, which he consented to do, and, under an arrangement among the parties, the title of the land which was still in the mortgagees was conveyed to the defendant, and the plaintiff executed his note to the defendant in about the sum of $2,400, expressing on its face

the consideration to be the purchase money due for the land, under an express agreement that the plaintiff should have the land when it was paid.

The plaintiff remained in possession of the land until January, 1878, and of the house until the fall of 1879, when the defendant took possession of both and has since occupied or rented them, for which he is held to be responsible in adjusting the accounts between them.

The answer of the defendant made at spring term, 1880, admits the plaintiff's ownership of the land, the mortgage to A. J. Bynum & Co., and the taking possession as charged, but denies knowledge or information of the plaintiff's transaction with Scott, and denies the allegations in respect to himself, without reason or explanation. The defendant sets up also, as a bar to this proceeding, an alleged adjudication of the same subject matter between the parties.

Upon the hearing of the proofs offered in support of the estoppel, the court ruled against the defendant, and, on motion of his counsel, without plaintiff's consent, after adjudging the plaintiff "entitled to an account as prayed for in the complaint," ordered a reference and directed an account to be taken and reported "of the indebtedness of the plaintiff to the defendant for the purchase money of the land described in the complaint, and of the payments made by the plaintiff on account of said purchase money, of the annual rental value of the lands while in possession of the defendant, and of the value of the rents and profits received by him when in possession, and of the balance due defendant from the plaintiff."

The decretal order was made, not only at the defendant's instance, but without any suggestion as to the trial of the issues raised by his denial of the facts charged in reference to the trust attaching to the estate in the land conveyed to him, and such defence must therefore be considered as concluded by the adjudication then made.

At spring term, 1881, the defendant moved to vacate the previous order, which was refused, and the defendant appealed to this court. (85 N. C., 272). Leave was, however, given on defendant's application, to file an amended answer during the term, "provided that no matter set up in the amended answer is to affect the report of the referee, already made or to be made, or to necessitate a reference (rereference we suppose to be meant) to take an account," and time was given the plaintiff until next term to reply as of this term.

The defendant then put in an amended answer, pending the appeal, wholly at variance with the first of the statements, contained in which the following is a summary:

The defendant states that, in February or March, 1875, the plaintiff and Scott applied to him for a loan of $500 for the use of the plaintiff, which sum was furnished and the bond of the two taken, payable one day after date.

That the defendant met the plaintiff in August thereafter, and informed him that Scott said the time in which the plaintiff was to redeem the land would expire in January next, but if plaintiff pay Scott $1,000 at that time, further time would be allowed for redemption, and it was then agreed between them that the plaintiff should raise $600 and the defendant $400 with which to pay Scott and thus secure a longer extension.

That on the first day of January, 1876, plaintiff came to defendant, without money, and it was then agreed that the defendant should take Scott's place if he would consent, upon defendant's paying what the plaintiff owed for the land; that the parties then went to Scott, when the defendant communicated to him in the plaintiff's hearing what had been agreed upon, and Scott assented to carry out the arrangement. Thereupon the defendant paid over the $500 and executed to Scott his bond for $1,409.90, the residue of the debt, at the same time taking the plaintiff's bond payable to himself at twelve months for $2,409.90, an excess of $500 over the sum paid and assumed; and that it was expressly then agreed that on payment of plain-

tiff's bond at or before its maturity, the defendant would convey the land to the plaintiff, and upon his failure, the right to redeem should be gone.

That the money was not paid, and at the plaintiff's earnest and repeated solicitations, the plaintiff was indulged until March, and again on several successive occasions until the beginning of the following year, when plaintiff being still unable to raise the money, surrendered the land and abandoned all claim to redeem and to the rents before accrued, since which the defendant has occupied and used the land as his own. At spring term, 1882, the ruling in the superior court having been affirmed in this court and the certificate transmitted, the plaintiff moved to have the amended answer stricken from the files, which motion, having been continued to spring term, 1883, was then heard and refused, and the plaintiff appealed to this court.

*Mr. John Manning,* for plaintiff.
*Messrs. Batchelor & Clark,* for defendant.

SMITH, C. J., after stating the above. It will be noticed that while the first answer disavows any information or knowledge of what the plaintiff alleges transpired between himself and Scott, and positively denies the facts charged in reference to the plaintiff's arrangement with the defendant, the second answer sets them out with great particularity and seeks to avoid their effect by the repeated failures of the plaintiff to come up to his engagement to raise the money for redeeming, and his final abandonment of all right to redeem. These repugnant statements alike rest upon the defendant's oath that they are true, and raise issues in defence wholly inconsistent, the one with the other.

The appellant sustains his overruled motion upon two grounds:

1. That the amendment is not warranted by the order allowing it; and

2. That it is repugnant to, and incompatible with, the previous adjudication.

We are not prepared to admit the facts set out in the amended answer, if accepted as correct, as sufficient to bar the conceded right of the plaintiff to redeem under the original contract of the defendant, when the defendant took the plaintiff's bond for a larger sum than he owed or the defendant advanced. The delay in paying the money admits of compensation in accruing interest, and it does not appear that the land was inadequate security for its payment, or that any special damage has come to the defendant.

Indeed the relations between these parties give to the alleged surrender of the right to redeem (while, as the plaintiff alleges and the defendant does not deny, the latter retains the plaintiff's bond as well as the land under the mortgagee's deed) the aspect of a coerced act not entitled to a favorable consideration in a court of equity.

But aside from this, if the answer now put in is allowed to stand, it subverts the order of reference, and if successful, annuls all done under it.

The leave given expressly restricts the amendatory matter to such as does not interfere with the taking of the account, and will not require another reference; and how can the new defence brought forward, which denies all equity to redeem, co-exist with the taking of an account, only necessary in case it is to be enforced? If there be no right to redeem on any terms, no reference is required, and the order to that effect is useless. Our interpretation of the ruling upon the first hearing is, that the plaintiff has the right to redeem, to which the taking an account is subsidiary, and that it was not intended, in the leave to amend, to allow the introduction of such new matter as would disturb the judgment then rendered, and that the answer is not authorized by the order.

It is equally plain that the plaintiff's right to redeem is conclusively settled, upon his payment of what is due to the defendant, and that the closed controversy which the defendant now seeks to reopen cannot be renewed as long as the first adjudication remains in force. Otherwise, there would be conflicting

adjudications in the same cause shown upon the record, and this has been repeatedly said to be inadmissible. *Wilson* v. *Lineberger*, 82 N. C., 412; *Sanderson* v. *Daily*, 83 N. C., 67; *Mabry* v. *Henry, Ib.*, 298.

There was error then in allowing the defendant to put in the answer and in the refusal to require its withdrawal.

Nor do we think the plaintiff so negligent in making his motion as to lose his right to make it. The appeal had transferred to this court an element in the controversy, which if determined in the defendant's favor was decisive of the action, and the delay in awaiting the adjudication ought not to deprive the plaintiff of his right to call to the attention of the court, as soon as the appeal was determined, the character of the answer and to ask that it be stricken from the files. This was done and it was in apt time.

The judgment below must be reversed, and the plaintiff's motion allowed.

Error.                                        Reversed.