BEAUFORT COUNTY LUMBER COMPANY v. A. J. COTTINGHAM
AND WIFE.

(Filed 7 April, 1915.)

1. **Equity — Continuance of Cause — Conditions—Pleadings Stricken Out—Judgment Pro Confesso.**

Where a continuance of a cause of an equitable nature coming on for trial is granted a defendant upon condition that he give a certain bond in relation thereto during the present term, which he fails to do, without just cause,.he is in contempt of court, and as a punishment the judge may, as a matter in his discretion, strike out the answer and render such judgment *pro confesso* as the plaintiff may be entitled to under the allegations of his complaint.

2. **Equity—Administration—Jurisdiction—Same Court—Specific Performance —Injunction—Interpretation of Statutes.**

The plaintiff being a purchaser under the ordinary contract to convey timber, alleges that he is entitled to an extension period under the terms of the contract for cutting, etc., though not appearing upon its face by reason of a mutual mistake in the date thereof, and that he had in time tendered the defendant the consideration specified for the extension of the said period, which the defendant had refused, and that the defendant was then cutting the timber upon the land. *Held*, the plaintiff's action is of an equitable nature, asking specific performance of his contract and an injunction against the continued cutting of the timber by the defendant; and though the technical difference between actions at law and suits in equity have been abolished, and both are administered by the same court, the powers and jurisdiction of the courts of equity are preserved.

APPEAL by defendant from *Cooke, J.,* at December Term, 1914, of ROBESON.

Civil action heard upon motion of plaintiff to strike out the answer and render judgment upon the complaint for the relief demanded. The court granted said motion. Defendants appealed.

*McLean, Varser & McLean for plaintiff.*
*B. F. McLean, G. B. Patterson, W. H. Neal for defendants.*

BROWN, J. In this action plaintiff seeks to require defendants, owners of certain land, to perform specifically the provisions of an extension clause for the cutting of the timber contained in a deed executed by the defendants to the plaintiffs, conveying the timber thereon to plaintiff.

The complaint alleges that the deed conveying the timber was dated 14 April, 1906, but was not delivered and did not go into effect until 30 May, 1906, from which last date the time for cutting the timber began to run; that by mutual mistake the original date of the deed was not changed; that under the terms of the contract plaintiff had five years

from 30 May, 1906, within which to cut the timber, and a further period, not exceeding seven years after the expiration of the five years, upon paying defendants a sum equal to 6 per cent of the consideration expressed in this deed for each year in which they shall exercise said rights after the expiration of the term of five years.

The complaint further alleges that plaintiff has tendered the said sum of money within the time required, and notified defendants of its purpose to avail itself of the extension clause; that the defendants refused to receive said money, and denied the plaintiff's rights thereunder, and are proceeding to cut said timber themselves. The court made the following findings and judgment:

"That heretofore the plaintiff was allowed to amend its complaint, which amended complaint was filed 6 November, 1914, and the defendants filed their answer thereto, and the cause was set for trial at this term of court, and upon the defendants' motion at this term, as appears from an order entered in this case at this term, a continuance was allowed the defendants upon terms set out in said order, and the defendants accepted the terms therein set out, and the said terms were precedent to a continuance, and the defendants were allowed the remainder of the term to comply therewith after having so accepted the same, and at the end of said term it appeared that defendants had not given the bond required in said order and had not offered any reasonable excuse for not so doing; and since it appears to the court that the plaintiff consented to the continuance, and the court ordered the same upon the giving of said bond, and that but for the requirement of the giving of said bond the court would not have ordered said continuance, nor would the plaintiff, through its counsel, have consented thereto, and that the defendants having obtained said continuance upon the acceptance of terms, which they now refuse to comply with:

"It is, therefore, on motion of McLean, Varser & McLean, attorneys for the plaintiff, ordered, adjudged, and decreed that the answers filed in this cause by the defendants be and they are hereby stricken out, and the said amended complaint is hereby taken *pro confesso* and the allegations therein are found to be true. And it is further ordered, adjudged, and decreed that on or about 14 April, 1906, the plaintiff agreed to purchase the timber described in the complaint, and in the second paragraph thereof, and that on 30 May, 1906, the deed described in the record in Book of Deeds 5-B, page 412, office of the register of deeds of Robeson County, was delivered to the plaintiff, and that 30 May, 1906, is the true date of said deed, the same having been omitted therefrom by the mutual inadvertence and mistake of the parties, and 14 April, 1906, having been left in said deed by the same mistake and inadvertence, and that the plaintiff has stood ready and willing at all times to pay the sum of

money and all other sums of money due under and by virtue of the terms of said deed to the defendants or into this court, and that within the proper time as provided in said deed, and before the extension period therein set out began, the plaintiff tendered to the defendants the sum of money equal to 6 per cent of the consideration expressed in said deed for the year first after the expiration of the first term of five years therein, which sum of money was refused by the defendants.

"And it is further ordered, adjudged, and decreed that the plaintiff pay into the office of the clerk of the Superior Court of Robeson County the sum of $180 for the first year, beginning 30 May, 1911, and $180 for each year thereafter as long as the plaintiff may desire to avail himself of said extension, not to exceed seven years after the expiration of the first term of five years provided in said deed, and that all accrued payments be paid into the office of the clerk of the Superior Court, and that all future payments thereunder, instead of being paid to the defendants, shall be paid to the clerk of this court in this action, and that this judgment shall operate as an extension of said deed for the period of seven years upon the payment of the money above provided as set out in said deed.

"It is further ordered and adjudged that the plaintiff recover of the defendants all costs herein taxed by the clerk of this court," etc.

It is well settled that the defendants, having refused or neglected to obey an important order of the court, although they accepted its benefits, were in contempt and liable to punishment. The court administered punishment by striking out the answer and giving judgment *pro confesso* upon the allegations of the complaint.

It is contended that the court had no power to make such order; that every defendant has a vested right to make a defense to an action begun against him, of which he cannot be deprived.

This action is equitable in its nature, and the relief demanded has always been obtainable solely in a court of equity. The plaintiff seeks specific performance of the contract and an injunction against the destruction of the timber.

While the technical difference between actions at law and suits in equity has been abolished, and both are administered by the same court, the powers and jurisdiction of the courts of equity are preserved.

One of the well settled rules that has always existed in the English Chancery is that a party in contempt will not be allowed to oppose the relief sought by the plaintiff by contradicting the allegations of the bill or bringing forward any defense. *Vowles v. Young,* 9 Ves., Jr., 173. It was the opinion of *Lord Eldon* in that case that a party to a suit who is in contempt cannot be heard. 2 Comyn Dig., Chancery Process D., 8; *Clark v. Dew,* 1 Russ. and Myl., 103.

LUMBER CO. *v.* COTTINGHAM.

*Chancellor Kent* holds that the rule in the English Chancery is the rule here, saying: "For I take this occasion to observe that I consider myself bound by those principles which were known and established as law in the courts of equity of England at the time of the institution of this Court." *Manning v. Manning,* 1 Johns Ch., 527.

"The Court has the power," says the Court of Appeals of New York, "when and while a defendant in an equitable action is in contempt for disobeying its order, to refuse to hear him." *Walker v. Walker,* 82 N. Y., 260; *Brinkley v. Brinkley,* 47 N. Y., 41; *Saylor v. Mockbie,* 9 Iowa, 209; *O'Connor v. Ry. Co.,* 75 Ia., 617; *Kaskell v. Sullivan,* 31 Mo., 435.

In this case a party to an action was summoned as a witness and failed to attend. The court said it was no error to strike out his pleading and enter judgment against him.

In *Brisbane v. Brisbane,* 41 Supreme Court Reports of New York, it is held that "the power possessed by a court of equity to strike out a defense, in an action brought therein, because of a refusal to obey its orders, was not taken away by the Code of Civil Procedure, but still exists." See, also, *Gross v. Clarke,* 87 N. Y., 272.

In 31 Cyc., p. 632, it is said: "Pleadings are frequently stricken out as a penalty for disobedience to orders of court." In the notes the editor cites cases from nearly every State in the Union to sustain the text, among them *Crump v. Thomas,* 89 N. C., 241.

The power to strike out the answer having thus been demonstrated as existing in the courts of equity of this day, the use of it was a matter in the sound discretion of the court, and we see no abuse of such power under the circumstances of this case. The answer having been stricken out, the case stands as if no answer had ever been filed. Therefore, the allegations of the bill or complaint are taken to be true *pro confesso,* and the plaintiff is to be awarded such relief as the allegations of the complaint warrant. An examination of the complaint in this case discloses that, taken to be true, the facts alleged fully warrant the judgment of the court.

Affirmed.