The defendant, in pursuance of this agreement, sold the property and paid the debts of the said Jerusha, and a balance remaining in his hands, the plaintiff demanded the share to which he was entitled in right of his wife, and upon the defendant's refusal to pay the same brought this suit.
His Honor being of opinion, upon these facts, that the right of action vested in the plaintiff alone in his own right, and not in the plaintiff and his wife, directed a nonsuit to be entered, and the plaintiff appealed.
The point, whether the right of action on this contract, supposing it to be a lawful and valid contract — is in the husband in his own right, or survived to him as administrator of the wife, involves much nice learning. We are relieved from going into it by other matter apparent in the record, upon which we are satisfied that neither the husband nor the husband and wife together could have an action upon this contract. It is an agreement between the next of kin of an intestate for an administration of the estate and its distribution by one of them without obtaining letters of administration, or taking the oath of office, or giving bond. This is prohibited by the act of 1715, Rev., ch. 10, ss. 4 and 5, under a penalty of fifty pounds. (See 1 Rev. Stat., ch. 46, sec. 8.) After a vast number of cases upon the subject it seems to be now perfectly settled that no action will be sustained in affirmance and enforcement of an executory contract to do an immoral act, or one against the policy of the law, the due course of justice, or the prohibition of a penal statute. The distinction between an act malum inse and one merely malum prohibitum was never sound, and is entirely disregarded; for the law would be false to itself if it allowed a party through its tribunals to derive advantage from a contract (257) made against the intent and express provisions of the law. Lanktonv. Hughes, 1 Maul and Selw., 593, and Bensley v. Bignold, 5 Barn. and Ald., 341, establishes this principle upon consideration of all the previous cases. It will be seen at once that the court could not give the plaintiff a judgment; since by the very act of receiving the sum *Page 204 
recovered the plaintiff would be executor de son tort, which is a consequence which a court cannot allow itself to be made accessory.
The nonsuit must therefore stand and the judgment be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Futrill v. Vann, 30 N.C. 404; Allison v. Norwood, 44 N.C. 416;Ramsey v. Woodard, 48 N.C. 510; Jenkins v. Sapp, id., 512; Ingram v.Ingram, 49 N.C. 189; Carter v. Greenwood, 58 N.C. 411; Melvin v.Easley, 52 N.C. 372; Powell v. Inman, id., 29; King v. Winants, 71 N.C. 472;Covington v. Threadgill, 88 N.C. 188; Griffin v. Hasty, 94 N.C. 443;Puckett v. Alexander, 102 N.C. 97; Burbage v. Windley, 108 N.C. 362.