RijffiN, C. J.
 

 It is not denied that the law gives no action to a party to an illegal contract, either to enforce it directly, or to recover back money paid on it after its execution. Nor is it doubted, that money, fairly'lost at pfay at a forbidden game and paid, cannot be recovered back in an action for money had and received. Bnt it is perfectly cer- . tain, that money, won by cheating at any kind of game, whether allowed or forbidden, and paid by the loser without a knowledge of the fraud, may be recovered. A wager won by such undue means is not won in the view of the law, and, therefore, the money is paid without consideration and by mietake, and may be recovered back. That, we think, was plainly this case. The bet was, that the plaintiff could not tell, which of the three cups covered the ball. Well, the case states that the defendant put the ball under a particular one of the cups, and, then, that the plaintiff selected that cup, as the one under which the balL was. Thus we must understand the case, because it states as a fact, that the defendant “ placed the ball under
 
 one
 
 of the cups,” and that the plaintiff “pointed to
 
 thee
 
 up,” that is, the one under which he had seen the ball put, as being that which still covered it. We are not told how this matter was managed, nor do we pretend to know the secret. But it is indubitable, that the ball was, by deceit, not put under the cup, as the defendant had made the plaintiff believe, and under which belief he had drawn-him into the wager; or that, after it was so placed, it was privily and artfully removed either before or at the time the cup was raised. If the former be the truth of the case, there was a false practice and
 
 gross
 
 deception upon the very point, that induced the laying of the wager, namely, that the ball was actually put under the cup. For, clearly, the words and acts of the defendant a-monntto a representation, that such was the fact; and in
 
 *487
 
 deed the ease states it as the fact. Hence, and because we cannot suppose the vision of the plaintiff to have been so illuded, we rather presume the truth to be, that the ball was actually placed where the defendant pretended to place it, that is to say, under the particular cup which the plaintiff designated as covering it. Then the case states that the defendant raised that cup, and the ball was not there : a physical impossibility, unless it had been removed by some contrivance and slight of hand by the defendant. Unquestionably it was affected by some such means; for presently we find the defendant in possession of the ball, ready for a repetition of the bet and the same artifice. Such a transaction cannot for a moment be regarded as a wager, depending on a future and uncertain event; but it was only a pretended wager, to be determined by a contingency in shew only, but in fact by a trick in jugglery by one of the parties, practised upon the unknowing and unsuspecting simplicity and ere-' dulity of the other. Surely, .the artless- fool, who seems to have been alike bereft of his senses and his money, is not to be deemed a partaker in the same crime,
 
 in pari
 
 delicto, with the juggling knave, who gulled and fleeced him. The whole was a downright and undeniable cheat; and the plaintiff parted with his money under the mistaken
 
 belief,
 
 that it had been fairly won from him, and, therefore, may recover it back.
 

 The judgment of nonsuit is reversed, and judgment for the plaintiff according to the verdict.
 

 Per Curiam. Judgment below reversed and judgment for the plaintiff.