Pearson, J.
 

 His Honor misapplied the rule, that to avoid a deed, there must he fraud in the faetmn, and not simply a fraud in procuring the party to execute it.
 

 
 *525
 
 Tbe rule is -well established. It rests upon, tbe ground, that if tbe execution of a deed is procured by a
 
 naked Me,
 
 or other management and undue influence, involving matter of .conscience, a court of law cannot treat it as void, because it is the deed of tbe party, which be
 
 intended to exeeute,
 
 and the issue being on tbe plea of
 
 non est factum,
 
 must be found against him. But it is a rule equally well established, that a bond, which obliges a party to do an illegal act, or the consideration of which is against the policy of the law, is void, and will not be enforced in a court of justice. It rests on the broad ground, that no court will allow itself to be used when its judgment will carry-out and consummate an act that is forbidden by law. The suggestion that a court of Equity will take the. matter in hand as an affair of conscience, and enjoin the collection of the judgment, is not sufficient to induce a court of law to give a helping hand in furtherance of an unlawful act.
 

 The question is which of these two rules governs our ease.
 

 The distinction between a deed, whereby an estate is created, and a deed whereby a
 
 right,
 
 or
 
 ehose in action
 
 merely, is created, majr serve to point out the dividing line, and enable us to solve the question.
 

 "When the thing is
 
 done,
 
 and the estate vests, so that the contract is executed, as "in the ease' of a feofment, or other conveyance of land, the estate cannot be defeated by a condition which is unlawful; for the
 
 condition is void,
 
 and so the estate is absolute. In other words, the law will not interfere, and the estate is left where it was put by the act of the parties, on the. effect of the deed.
 

 But where the thing is
 
 not done
 
 but in
 
 fieri,
 
 the contract being executory, as in case of a bond, if a condition which is unlawful be annexed,
 
 the
 
 bond, as well as the condition, is void; for the court will not interfere to enforce it. This distinction is well settled. See Coke Litt. Chapter “ Conditions.” It is now equally well settled, although at one time there was much controversy in regard to it, that in respect to bonds, the principle is not confined to cases where the unlawful nature
 
 *526
 
 or purpose is expressed in a condition, but extends to all cases where the consideration is unlawful and the object of the party is illegal, and the purpose is to enable him to reap the fruits of his iniquity, and to accomplish, and carry into effect, an act which is not simply against conscience, but is forbidden by law. These matters, showing the consideration and purpose of the bond, may be proven by parol evidence, otherwise the law might be easily evaded.
 
 Collins
 
 v.
 
 Blantern,
 
 2 Wilson’s Rep. 341. Same case, 1 Smith’s leading cases, 154, and notes. In the present case, the act of the plaintiff, to wit, his unfair gaming with Draughn, was not only illegal by force of the statute against gaming, but was unlawful at common law, so that the money, or thing won, if it had been paid, might be recovered back in an action at law;
 
 Webb
 
 v.
 
 Fulchire, 3
 
 Ire. 485. To enable the plaintiff to accomplish and reap the fruits of this unlawful act, he was under the necessity of procuring the execution of the bond now sued on, and, according to the doctrine above announced, he has no right- to ask a court of justice to lend him a helping hand. Indeed, no court can aid him, and be true to itself. If one steals a horse and sells him, taking a bond for the price, or if one procures a bond to be executed by means of a forged order, or by passing counterfeit money, a court of justice will not aid him by enforcing payment of the bond. In all these cases, the principle which governs is this: If, supposing the money to have been paid, it could be recovered back by an action at law, the court will not give judgment on a bond given to secure the payment of the money ; .for the party can* not bo
 
 m a better? situation by takieig a bond,
 
 than if he
 
 had received the cash.
 
 This would be the result if an action could be maintained on the bond ; or else the court must involve itself in the absurdity of giving judgment on the bond, and afterwards giving judgment requiring the money to be paid back!
 

 The dividing line between this class of cases, and those where a court of law will give judgment on the bond, leaving the defendant to seek relief in Equity, if there be any equi
 
 *527
 
 table ingredients involved, is tbis : Where the money, if paid, can be recovered bach in an action at law, the court will not give a judgment on the bond, and it is treated as void. But if there be nothing in the transaction, which would give the party a right to recover back the money in an action of law, supposing it to have been paid, his relief is, if he has any, in a court of Equity; for there is in such cases no ground upon which a court of law can treat the deed of the party as a nullity.
 

 Pee Oueiam. Judgment reversed, and a
 
 vmi/re do novo.