W. R. COURTNEY, TRADING AND DOING BUSINESS AS THE WADESBORO
MARBLE WORKS, v. J. S. PARKER AND THE CAROLINA
COUNTRY CLUB.

(Filed 9 May, 1917.)

1. **Contracts—Criminal Law—Statutes—Business—Assumed Name.**

The law of 1913, chapter 77, making it punishable as a misdemeanor
for a person to conduct his business under an assumed name, without
filing a certificate with the clerk of the court of the county, etc., giving
the name of the business and the full name or names, with postoffice
address of the persons owning or conducting the same, etc., was enacted
as a police regulation to protect the general public from fraud and impo-
sition, and a person violating the same may not enforce a contract in our
courts made in the course of such business, though the statute does not
expressly invalidate such transactions.

2. **Same—In Pari Delicto.**

One who contracts with another carrying on his business in violation
of the statute is not necessarily *in pari delicto* so as to prevent recovery
on the contract.

3. **Contracts—Criminal Law—Statutes — Business — Assumed Name — Con-
tracts—Quantum Meruit.**

Our statute prohibiting the conduct of a business under an assumed
name without complying with certain conditions makes the transactions
criminal, and the one violating the law may not recover, as upon a
*quantum meruit*, for breach by another of a contract made with him in
the course of the unlawful conduct of the business.

CIVIL ACTION, tried before *Webb, J.,* and a jury, at March Term, 1917,
of ANSON.

The action was to recover a balance due for building material sup-
plied to defendant pursuant to a contract made in the course of plain-
tiff's business, W. R. Courtney, and conducted by him under the name
and style of the Wadesboro Marble Works and without having regis-
tered the true name of plaintiff as owner of the business, as required by
act of 1913, ch. 77.

Plaintiff having admitted in open court that he had so conducted
the business without having complied with the statute, the court en-
tered judgment dismissing the action for that reason, and plaintiff ex-
cepted and appealed.

*Brock & Henry for plaintiff.*
*Robinson, Candler & Pruette for defendant.*

HOKE, J. The statute in question, Laws 1913, ch. 77, in general terms,
provides: "That no person or persons shall carry on, conduct, or trans-

act business in this State under an assumed name, or any designation, name, or style other than the real name of the individual or individuals owning, conducting, or transacting such business, unless such person shall file in the office of the clerk of the Superior Court of the county or counties in which such person or persons own, conduct, or transact, or intend to own, conduct, or transact such business, or maintain an office or place of business, a certificate setting forth the name under which such business is to be conducted, etc., and the true or full name or names of the person or persons owning, conducting, or transacting the same, with the home and postoffice address of such person or persons."

Such certificate shall be executed and duly acknowledged, and the clerk is required to keep an alphabetical index of the same, and a certified copy is made presumptive evidence of the facts.

Section 4 provides that any person or persons owning, carrying on, conducting, or transacting business aforesaid who shall fail to comply with provisions of this act shall be guilty of a misdemeanor and on conviction shall be punished by a fine of not more than $50 or imprisonment in the county jail not more than thirty days. Exceptions are made by the statute, not pertinent to the present inquiry, in cases of salesmen or traveling agents, etc., selling by samples or by means of orders, of corporations, domestic or foreign, and of limited partnerships, organized pursuant to the laws of the State.

It is well established that no recovery can be had on a contract forbidden by the positive law of the State, and the principle prevails as a general rule whether it is forbidden in express terms or by implication arising from the fact that the transaction in question has been made an indictable offense or subjected to the imposition of a penalty. *Lloyd v. R. R.,* 151 N. C., pp. 536-540; *Edwards v. Goldsboro,* 141 N. C., 60; *Puckett v. Alexander,* 102 N. C., 95; *Warden v. Plumber,* 49 N. C., 524; *Sharp v. Farmer,* 20 N. C., 255. In reference to an avoidance of a contract by reason of an implied prohibition, it is the rule very generally enforced that recovery is denied to the offending party when the transaction in question is in violation of a statute establishing a general police regulation to "safeguard the public health or morals or to protect the general public from fraud or imposition." This was held in a recent case of the Supreme Court of Michigan on a statute very similar to ours, in *Cashin v. Pliter,* 168 Mich., 386, and the position is approved by many well considered decisions of other courts. *Levinson v. Boas,* 150 Cal., 185; *McConnel v. Kitchens,* 20 S. C., 430; *Taliaferro v. Moffitt,* 54 Ga., 150; *Pinney v. Natl. Bank,* 68 Kan., 223; *Woods v. Armstrong,* 54 Ala., 150; *Deaton v. Lawson,* 40 Wash., 486. In *Pinney's case* it was held that "Where a statute expressly provides that a violation thereof shall be a misdemeanor, a contract made in direct violation of

the same is illegal and there can be no recovery thereon, though the statute does not in express terms prohibit the contract and pronounce it void." And in *Lloyd's case, supra,* the position is stated as follows: "It is very generally held, universally so far as we are aware, that an action never lies when a plaintiff must have his claim in whole or in part on a violation by himself of the criminal or penal laws of the State." True, there are many cases which hold that the imposition of a penalty, without more, will not always have the effect of avoiding the contract, but that when the agreement is not immoral or criminal itself, the courts, on perusal of the entire statute, its language, purpose, etc., may determine whether it was the meaning and intent of the Legislature to restrict the operation of the law to the penalty as expressed and specified therein or give it the further effect of avoiding the contract. To this principle may be referred the decisions as to the effect of penalties under the usury statutes and those in enforcement of the collection of taxes, etc., and, generally, the cases of *Ober v. Katzenstein,* in our own Court, 160 N. C., 439; *Harris v. Runnels,* 53 U. S. (12 Howard), 79; *Bowditch v. New England Life Ins. Co.,* 141 Mass., 474; *Neimeyer v. Wright,* 75 Va., 239; *Pangborn v. Westlake,* 36 Iowa, 546; *Lester v. Bank,* 33 Md., 558; *Dunlop v. Mercer,* 156 Fed., 545, are in illustration of the position.

Again, it is very generally recognized that on a question of implied prohibition the contract is not always avoided in toto, but, in proper cases, when the parties are not *in pari delicto,* the more innocent of the two can recover. Instances of this appear in *Sykes v. Thompson,* 160 N. C., 348; *Webb v. Fulchire,* 25 N. C., 485; and in *Cashin v. Pliter, supra,* there is decided intimation that this position would apply to a statute like the present in favor of innocent third persons dealing with one who had failed to register under the law. But neither of these limitations on the more general principle can avail the plaintiff in the present suit, where he is the offending party and must rest his claim on a transaction in violation of the criminal law of the State, enacted as a police regulation to protect the general public, as heretofore stated, from fraud and imposition.

It was suggested on the argument that though the contract should be held void as in violation of a criminal statute, recovery might be had on a *quantum meruit;* but it is the "transaction" that is made criminal, and the principle which forbids recovery is equally insistent whether it is sought in an express or implied contract.

We find no error in his Honor's ruling and the judgment dismissing the action must be affirmed.

No error.