RAAB & COMPANY, INC. v. INDEPENDENCE CORPORATION

No. 7026DC566

(Filed 18 November 1970)

Contracts § 6; Brokers and Factors § 6— action to recover lease commissions — unlicensed out-of-state plaintiff — standing to sue

> A foreign real estate firm that had not secured a North Carolina real estate license and a certificate of authority to transact business in the state could not maintain an action to recover commissions on the lease of real estate in this state. G.S. 93A-2(a); G.S. 93A-8.

APPEAL by plaintiff from *Abernathy, District Court Judge,* 20 April 1970 Session of District Court held in MECKLENBURG County.

Plaintiff, a Virginia corporation, brought this action against defendant, a North Carolina corporation, to recover commissions on real estate leases which the defendant, as lessor, had entered into with two tenants, Fields Jewelers, Inc., and Belcraft Hosiery Shops, Inc. Plaintiff's evidence tended to show that it acted as defendant's agent in a lease with J. H. Fields, Inc., as early as 1953. In 1966 it acted as agent for defendant in extending the 1953 lease, but this extension was with Fields Jewelers, Inc., the successor to J. H. Fields, Inc. Again in 1967, plaintiff acted as agent in an extension of the 1953 lease through 30 June 1968. In its second cause of action plaintiff alleged that it acted as agent for defendant in a lease with Norman Aizer, t/a Belcraft Hosiery Shops (Aizer), in 1958 and in extensions of that lease through 31 January 1968. The allegations and the evidence tend-

ed to show that the leases upon which plaintiff brought this action were new and separate leases with Fields Jewelers, Inc., the alleged and admitted successor to J. H. Fields, Inc., and with Belcraft Hosiery Shops, Inc. (Plaintiff attempted to allege the latter was successor to Aizer.) There is no allegation or evidence that plaintiff acted as defendant's agent in connection with those leases. Defendant contended that it was entitled to commissions under the new leases. Prior to the presentation of evidence, plaintiff stipulated that it had not secured a certificate of authority to do business in the State of North Carolina as required in Chapter 55 of the General Statutes and that it had not secured a real estate license as provided in Chapter 93A of the General Statutes of North Carolina.

At the conclusion of all the evidence, defendant made a motion "to dismiss for failure to prove a case." It was allowed and from the granting of this motion, plaintiff appealed.

*Fairley, Hamrick, Montieth & Cobb by Laurence A. Cobb for plaintiff appellant.*

*Palmer, Jonas & Mullins by Michael P. Mullins for defendant appellee.*

MALLARD, Chief Judge.

Henry S. Raab testified for the plaintiff that he is president of the plaintiff; that his corporation had acted as rental agent for the defendant corporation performing services for defendant in this capacity prior to the most recent rental agreements; and that plaintiff was not afforded an opportunity to participate in the negotiations of the new leases. He testified that his corporation had not obtained a certificate of authority to transact business in North Carolina. Raab also testified that he has procured tenants in other cities in North Carolina; that "(m)y corporation is not licensed as a real estate agent in the State of North Carolina"; that "(m)y corporation is a Virginia corporation"; and that "(o)ur corporation has not obtained a Certificate of Authority to transact business in North Carolina."

Defendant's exhibit one is a letter dated 22 February 1965 to the president of the defendant corporation in Charlotte which plaintiff's witness Raab admitted writing. This letter reads as follows:

"RAAB AND CO., INC.
REAL ESTATE

Main St. at 5th
Richmond, Va. 23219
February 22, 1965

Mr. Porter B. Byrum
President
Independence Corporation
Independence Building
Charlotte, North Carolina

Dear Mr. Byrum:

This will acknowledge receipt of your letter of February 19, 1965.

We have been in business 50 years, and the enclosed copy of letters, particularly the one from the First and Merchants National Bank, should convince you of our honesty and integrity.

We collect thousand (sic) of dollars rent for estates in your city that are handled by the American Commercial Bank, who could tell you anything you want to know concerning us.

Trusting this will satisfy you,

Cordially yours,
/s/ Henry S. Raab
FOR THE COMPANY"

G.S. 93A-2(a) defines a real estate broker as follows:

"A real estate broker within the meaning of this chapter is any person, partnership, association, or corporation, who for a compensation or valuable consideration or promise thereof lists or offers to list, sells or offers to sell, buys or offers to buy, auctions or offers to auction (specifically not including a mere crier of sales), or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or who sells or offers to sell leases of whatever character, or rents or offers to rent any real estate or the improvement thereon, for others."

G.S. 93A-8 provides:

"Any person violating the provisions of this chapter shall

upon conviction thereof be deemed guilty of a misdemeanor and shall be punished by a fine or imprisonment, or by both fine and imprisonment, in the discretion of the court."

In the case of *McArver v. Gerukos*, 265 N.C. 413, 144 S.E. 2d 277 (1965), the Supreme Court said:

"If the statute, so construed, makes the doing of an act a criminal offense, one who has contracted to do the forbidden act may not, after performing his contract, sue in the courts to recover the agreed consideration for such performance. *Cauble v. Trexler*, 227 N.C. 307, 42 S.E. 2d 77; *Courtney v. Parker*, 173 N.C. 479, 92 S.E. 324; *Cansler v. Penland*, 125 N.C. 578, 34 S.E. 683; Restatement of Contract, § 580; Anno., Validity of Contract in Violation of Statute, 55 A.L.R. 2d 481, 483."

In *Builders Supply v. Midyette*, 274 N.C. 264, 162 S.E. 2d 507 (1968), the Court held:

"Upon Bryan's stipulation that at all times pertinent to this litigation it was not licensed to construct buildings 'where the cost is $20,000.00 or more,' Judge McKinnon correctly dismissed its action against owners for the balance due under the terms of the contract upon which it had sued. *McArver v. Gerukos*, 265 N.C. 413, 144 S.E. 2d 277; *Tillman v. Talbert*, 244 N.C. 270, 93 S.E. 2d 101; *Courtney v. Parker*, 173 N.C. 479, 92 S.E. 324. * * * "

Plaintiff's only assignment of error is that "(t)he Court erred in granting Defendant's motion to dismiss for failure to prove a case and in entering judgment dismissing the case with prejudice."

When the above quoted statutes and the principles of law enunciated in *McArver v. Gerukos, supra,* and *Builders Supply v. Midyette, supra,* are applied to the facts of this case, we are of the opinion and so hold that the court correctly allowed defendant's motion to dismiss the claim of the plaintiff.

Affirmed.

Judges PARKER and HEDRICK concur.