MICHAEL W. GOWER, AND EDWARD E. HUGHES, T/A GOWER-HUGHES IN-
VESTMENT PROPERTIES, A PARTNERSHIP v. STROUT REALTY, INC.

No. 818SC596

(Filed 6 April 1982)

1. **Brokers and Factors § 8— brokers not licensed in North Carolina—co-broker-
age agreement unenforceable**

    A co-brokerage or commission sharing agreement between plaintiffs,
    licensed real estate brokers and agents in California, and defendant was in
    violation of the Real Estate License Law, G.S. 93A-1, and invalid and unen-
    forceable because plaintiffs were not licensed in this State.

2. **Brokers and Factors § 6— contract to buy real estate and share in commis-
sion—no violation of licensing statute**

    Where plaintiffs alleged a contract to buy real estate on their own account
    under the terms of a listing agreement made by the owner with defendant-
    broker and to share in the sales commission with defendant, plaintiffs were not
    engaging in brokerage activities "for others" but were acting for themselves in
    buying the land and reducing the purchase price through the commission shar-
    ing agreement with defendant, and the agreement did not violate the licensing
    statute and is enforceable. G.S. 93A-2.

APPEAL by plaintiffs from *Tillery, Judge*. Judgment entered
11 May 1981 in Superior Court, LENOIR County. Heard in the
Court of Appeals 5 February 1982.

Plaintiff Gower, a licensed real estate broker in the State of
California, and plaintiff Hughes, a licensed real estate agent in
the State of California, seek to recover of the defendant under a
co-brokerage agreement an amount equal to one-half of a real
estate commission in the sum of $19,725.00, alleging that they
found a ready, able and willing buyer for the Carriage House
Apartments in Lenoir County which was listed for sale by the
owner with defendant for $789,000.00 with a 5% commission as
provided in the written listing contract.

In their second claim for relief plaintiffs allege that the
ready, able, and willing buyer was the plaintiff Hughes; and that

plaintiffs and defendant, through its agent Irvin Staton, agreed to share the commission even if the plaintiff Hughes was the purchaser of the property; and that said plaintiff became a ready, able and willing buyer and tendered the purchase price in cash on 6 April 1979, but that the owner had cancelled the listing agreement.

Plaintiffs also allege false representation by defendant that it had a listing agreement with the owner and fraud by Irvin A. Staton, agent for defendant; and they pray for both punitive damages and for treble damages under G.S. 75-1.1 for deceptive trade practices.

Defendant in its answer denied the co-brokerage agreement, denied that plaintiffs produced a ready, able and willing buyer, and pleaded as a defense that plaintiffs were not licensed real estate brokers in this State and could not recover a realty commission in North Carolina.

Defendant moved for summary judgment. The only supporting matter offered in support of the motion by the defendant was the affidavit that plaintiffs were not licensed real estate brokers or salesmen in North Carolina. The trial court allowed summary judgment for the defendant.

*White, Allen, Hooten, Hodges & Hines by John M. Martin for plaintiff appellants.*

*Jeffress, Morris, Rochelle & Duke by Thomas H. Morris and Vernon H. Rochelle for defendant appellee.*

CLARK, Judge.

The question on appeal is whether the trial court erred in allowing summary judgment for the defendant, which offered in support of its motion only the affidavit that plaintiffs were not licensed real estate brokers or salesmen in North Carolina. It thus appears that defendant and the trial court relied on the principle of law that the co-brokerage or commission sharing agreement between plaintiffs and defendant as alleged was in violation of the Real Estate License Law, Chapter 93A of the General Statutes, and invalid and unenforceable because plaintiffs, though allegedly licensed in California, were not licensed in this State. G.S. 93A-1 forbids an unlicensed agent to be engaged in the

business of real estate broker or salesman, and our courts have held that a contract to engage in such business by an unlicensed person in this State is invalid. *Raab & Co. v. Independence Corp.*, 9 N.C. App. 674, 177 S.E. 2d 337 (1970); *McArver v. Gerukos*, 265 N.C. 413, 144 S.E. 2d 277 (1965). This rule of law is also applied in other jurisdictions. *See* Annot., 118 A.L.R. 646 (1939); Annot., 42 A.L.R. 1226 (1926); Annot., 30 A.L.R. 834 (1924); and Annot., 4 A.L.R. 1087 (1919).

[1] In their first claim for relief plaintiffs allege an agreement with defendant to split the commission if they "procured a buyer who was ready, willing and able to meet the purchase price and terms set out . . . ." Does the procurement of a buyer constitute engaging in the business of real estate broker or salesman? In pertinent part G.S. 93A-2(a) defines a real estate broker as one who for compensation "lists or offers to list, sells or offers to sell, buys or offers to buy, auctions or offers to auction . . . or negotiates the purchase or sale or exchange of real estate, . . ." G.S. 93A-2(b) provides in general terms that a real estate salesman is one who, under the supervision of a broker, for a compensation "is associated with or engaged by or on behalf of a licensed real estate broker to do, perform or deal in any act . . ." defined in G.S. 93A-2(a).

The alleged agreement in the first cause of action is generally referred to as a "finder's fee" contract, an arrangement by which an intermediary finds, introduces, and brings together parties to a real estate transaction, leaving the ultimate transaction and consummation of the transaction to the broker. There is a split of authority on the question of whether a "finder's fee" contract is invalid because it violates licensing law. *See* Annot., 24 A.L.R. 3d 1160, 1172, *et seq.* We find the better view to be that, though the finder or originator does not assist in the ultimate negotiations of sale, the real estate licensing statutes would become meaningless if unlicensed parties were able to carry on traditional brokerage activities under a finder's fee contract. We find the agreement alleged in plaintiffs' first cause of action in violation of G.S. 93A-1 and invalid. Summary judgment for defendant on this first claim was properly entered.

[2] In their second claim plaintiffs allege that in addition to their co-brokerage agreement, the defendant further agreed that the

commission would be due even if plaintiff Hughes were the purchaser of the property. G.S. 93A-2 defines "real estate broker" as a person who does the acts specified "for others." In *McArver v. Gerukos, supra*, the court stated:

"Thus, it is clear that the Legislature did not intend for this act to apply to a person, partnership or association who purchases land for his or its own account, even though such purchase is for resale. Therefore, a contract by one who is not a licensed real estate broker or salesman with another person to buy land, or an option thereon, for their own account and, thereafter, to resell such land, or option, and divide the profits would not be a contract to do an act prohibited by this statute." *Id.* at 418, 144 S.E. 2d at 281.

In *McArver* it was held that a contract between the unlicensed plaintiff and the defendant, a licensed real estate broker, providing for payment to plaintiff by defendant of a portion of the commissions, profits and payments received by defendant in connection with the sale of the options (which plaintiff assisted defendant-broker in obtaining) and the negotiation of the lease, was a valid and enforceable contract and not in violation of G.S. 93A-2. In the case *sub judice* the plaintiffs allege a contract to buy real estate on their own account under the terms of the listing agreement made by owner with defendant-broker and to share in the sales commission with defendant. Plaintiffs were not engaging in brokerage activities "for others" but were acting for themselves in buying the land and in reducing the purchase price through the commission sharing agreement with defendant. The agreement does not violate the licensing statute and is enforceable. The trial court erred in allowing summary judgment for defendant on the second claim for relief.

In the second claim for relief the plaintiffs also allege, in addition to breach of the commission sharing agreement, a fraudulent misrepresentation of the listing agreement, and they pray for punitive damages. In the third claim for relief plaintiffs allege a violation of the unfair and deceptive trade statute (G.S. 75-1.1) and seek treble damages pursuant to G.S. 75-16. Since the appeal is from the judgment allowing summary judgment for defendant and not from judgment on the pleadings under G.S. 1A-1, Rule 12(c), we find that whether plaintiffs failed to state a

claim for fraud and for violation of G.S. 75-1.1 are not issues properly before the Court on this appeal. We do note that G.S. 1A-1, Rule 9(b), requires that the circumstances constituting fraud shall be stated with particularity.

The summary judgment for defendant on the plaintiffs' first claim for relief is affirmed, and the summary judgment on the second and third claims for relief is reversed.

Affirmed in part; reversed in part.

Judges ARNOLD and WHICHARD concur.