FRANCIS J. BLANCHFIELD, JR. AND SANDRA GOARD BLANCHFIELD v. KEVIN J. SODEN AND HOPE SODEN

No. 8826SC1247

(Filed 15 August 1989)

**Vendor and Purchaser § 6— misrepresentation that roof was new — purchasers' reliance on sellers' misrepresentations not unreasonable as a matter of law**

Where plaintiffs sued defendants claiming that defendants misrepresented that the house plaintiffs purchased from defendants had a new roof when in fact it did not, the evidence did not show as a matter of law that plaintiffs were unreason-

able in relying on defendants' representations that the house had a new roof even though plaintiffs knew the roof was cracked and that it leaked, since defendant husband personally told plaintiffs that the roof was new after they specifically asked about its condition; the listing prepared by defendants' agent with information supplied by the husband listed the house as having a new roof; despite the fact that the husband knew the listing was wrong, the representation was not corrected or qualified in any way; later on, defendants were silent even though plaintiffs' letter which was transmitted with the final contract put them on notice that plaintiffs thought that they were getting a new roof; and while plaintiffs knew the roof leaked, their failure to inspect it further was not unreasonable as a matter of law because defendant husband informed them that the roof would be repaired, and they had no reason to doubt his word.

APPEAL by defendants from Judgment of *Judge James U. Downs* entered 15 June 1988 in MECKLENBURG County Superior Court. Heard in the Court of Appeals 16 May 1989.

*Smith Helms Mulliss & Moore, by Robert H. Pryor and H. Landis Wade, Jr., for plaintiff appellees.*

*Waggoner, Hamrick, Hasty, Monteith, Kratt, Cobb & McDonnell, by Robert D. McDonnell, for defendant appellants.*

COZORT, Judge.

Plaintiffs sued defendants claiming that defendants misrepresented that the house plaintiffs purchased from defendants had a new roof, when in fact the roof was not new. The jury found for plaintiffs. Defendants argue that the trial court erred in denying their directed verdict and j.n.o.v. motions, because the evidence shows as a matter of law that plaintiffs were unreasonable in their reliance. We find no error. The facts follow.

Defendants owned a house and 15.43 acres of land in Charlotte. Defendants decided to sell the home in 1983 and enlisted Bissell-Hayes Realtors to sell the property.

In July 1984, plaintiffs received the Bissell-Hayes listing information on defendants' home. Defendant Kevin Soden was the primary source of the listing information. Typed on the listing

BLANCHFIELD v. SODEN

[95 N.C. App. 191 (1989)]

were the words "new roof" in a section titled "Outstanding Features, other remarks."

Plaintiffs' evidence tended to show that, during their first visit to the home, plaintiff Francis Blanchfield asked defendant Kevin Soden about the roof. Mr. Blanchfield testified that Mr. Soden told him "that's a new roof" as he gestured toward the ceiling. However, defendants' evidence tended to show that Mr. Soden informed Mr. Blanchfield that only the roof over the room in which they were standing was new.

A contract was formed on 13 September 1985 for the purchase of the house and 15.43 acres for $372,000, with the closing to occur on 20 September 1985.

In July 1985, plaintiffs hired an inspector to inspect the house. Plaintiff Francis Blanchfield received the inspection report and discussed it with his inspector. Mr. Blanchfield testified that he knew there were cracks in the roof. He testified as follows:

> It was a new roof as far as I understood. And there was some problem with a seam to be resealed and in our description, I just thought it was one of those little witches [sic] that goes with something new and that it was just to repair a new roof that needed to be done.

Plaintiffs' evidence tended to show that they discussed the inspection report with defendant Kevin Soden, but he did not disclose that the house had an old roof.

The parties also discussed the cracks in the roof. Defendant Kevin Soden had a roofer repair the cracks before plaintiffs closed on the house. The roofer informed Mr. Soden that the roof needed to be replaced, but he did not inform plaintiffs of the roofer's recommendation. Also in the contract of sale, which was in the form of a letter from plaintiff Francis Blanchfield to defendant Kevin Soden, plaintiff referred to the "new roof" as being one of the outstanding features of the house.

After closing, plaintiffs discovered that the roof leaked. Plaintiffs filed suit, and the jury returned a verdict for $6,632.96. The jury also awarded plaintiffs $219.00 in damages for defendants' conversion of a food processor and a basketball goal which were supposed to go with the property.

BLANCHFIELD v. SODEN

[95 N.C. App. 191 (1989)]

The issue on appeal is whether as a matter of law plaintiffs were unreasonable in relying on defendants' representations that the house had a new roof even though plaintiffs knew the roof was cracked and that it leaked.

Under the standard of review for the denial of defendants' directed verdict motion at the close of all the evidence and of defendants' j.n.o.v. motion, we consider the evidence in the light most favorable to plaintiffs and resolve all conflicts in the evidence in plaintiffs' favor. *Coppley v. Carter*, 10 N.C. App. 512, 514, 179 S.E.2d 118, 120 (1971).

To prove fraud plaintiffs had to prove six elements: (1) that defendants made a representation of a material past or existing fact, (2) that the representation was false, (3) that defendants knew the representation was false or made it recklessly without regard to its truth or falsity, (4) that the representation was made with the intention that it would be relied upon, (5) that plaintiffs did rely on it and that their reliance was reasonable, and (6) that plaintiffs suffered damages because of their reliance. *See Johnson v. Owens*, 263 N.C. 754, 756, 140 S.E.2d 311, 313 (1965); *Roberson v. Williams*, 240 N.C. 696, 701, 83 S.E.2d 811, 814 (1954). Defendants do not seriously challenge plaintiffs' evidence on each element of plaintiffs' cause of action except with regard to the reasonableness of plaintiffs' reliance. The substance of defendants' argument is that plaintiffs were unreasonable in relying on any representations that the house had a new roof. Defendants argue that plaintiffs had the opportunity to inspect, did inspect, and were fully informed by their own inspector that the roof was cracked and that it leaked. According to defendants, that knowledge of the roof's problems and the opportunity to discover that the roof was not new rendered any reliance by plaintiffs on statements that the roof was new unreasonable as a matter of law. We disagree.

Viewing the evidence in the light most favorable to plaintiffs, we find that plaintiffs' reliance was not unreasonable as a matter of law because they had notice that the roof leaked. Defendant Kevin Soden personally told plaintiffs that the roof was new after they specifically asked about its condition. The listing prepared by Mr. Soden's agent with information supplied by him listed the house as having a new roof. Despite the fact that Mr. Soden knew the listing was wrong, neither of these representations was corrected or qualified in any way. Later on, Mr. Soden was silent

even though plaintiff's letter which was transmitted with the final contract put him on notice that plaintiffs thought that they were getting a new roof, because the letter recited a new roof as one of the home's outstanding features.

While plaintiffs knew that the roof leaked, their failure to inspect it further was not unreasonable as a matter of law. Mr. Soden assured plaintiffs that the roof would be *repaired*. He failed to inform plaintiffs, however, that the roof repairman had recommended that the roof be *replaced*. Since he had previously told plaintiffs that the roof was new and that the leak would be repaired, plaintiffs had no reason to doubt Mr. Soden's word. Whether plaintiff's testimony was credible—that he thought the leaks were due to a bad seal or "a glitch" in the "new" roof—was an issue for the jury. *Cutts v. Casey*, 278 N.C. 390, 421, 180 S.E.2d 297, 314 (1971).

In considering the issue of reasonable reliance, our Supreme Court has noted:

> Just where reliance ceases to be reasonable and becomes such negligence and inattention that it will, as a matter of law, bar recovery for fraud is frequently very difficult to determine. This case presents that difficulty. In close cases, however, we think that a seller who has intentionally made a false representation about something material, in order to induce a sale of his property, should not be permitted to say in effect, "You ought not to have trusted me. If you had not been so gullible, ignorant, or negligent, I could not have deceived you." Courts should be very loath to deny an actually defrauded plaintiff relief on this ground. When the circumstances are such that a plaintiff seeking relief from alleged fraud must have known the truth, the doctrine of reasonable reliance will prevent him from recovering for a misrepresentation which, if in point of fact made, did not deceive him. In such a case the doctrine is the specific remedy for a complainant who is, so to speak, malingering. A plaintiff who, aware, has made a bad bargain should not be allowed to disown it; no more should a fraudulent defendant be permitted to wriggle out on the theory that his deceit inspired confidence in a credulous plaintiff.

*Johnson*, 263 N.C. at 758, 140 S.E.2d at 314. The reasonableness of plaintiffs' conduct in light of these circumstances was appropriately

for the jury and not the trial court to decide. *See Taylor v. Walker,* 320 N.C. 729, 360 S.E.2d 796 (1987).

We have reviewed defendants' assignments of error concerning the lack of evidence to support plaintiffs' damages for the cost of repairing the roof and for conversion of the food processor and the basketball goal. We find the evidence sufficient.

In the trial below we find

No error.

Judges JOHNSON and GREENE concur.