KOGER PROPERTIES, INC., Plaintiff-Appellant v. DOUGLAS K. LOWE, Defendant-Appellee

No. 9110SC569

(Filed 2 June 1992)

**Brokers and Factors § 26 (NCI4th)— real estate broker—finder's fee for procuring tenant**

The trial court properly entered summary judgment that plaintiff owed defendant, a licensed real estate broker, an $80,157.60 commission based on a "letter of registration" signed by plaintiff's general manager in which plaintiff agreed to pay defendant a commission of 4% of the gross rental in the event that a lease was signed between a named prospect and plaintiff where the evidence showed that the prospect subsequently entered into a lease with plaintiff. This "finder's fee" contract did not violate N.C.G.S. § 93A-1 since defendant was licensed as a broker in North Carolina.

**Am Jur 2d, Brokers § 178.**

**Validity, construction and enforcement of business opportunities or "finder's fee" contract. 24 ALR3d 1160.**

APPEAL by plaintiff from judgment entered 14 March 1991 by *Judge George R. Greene* in WAKE County Superior Court. Heard in the Court of Appeals 8 April 1992.

Plaintiff, a company in the business of building and leasing commercial property, filed a complaint seeking a declaratory judgment regarding payment of an $80,157.60 commission to defendant for a lease entered into by defendant and Management Systems Associates (MSA). Defendant answered and counterclaimed for the commission he contended was owed on the basis of a "letter of registration."

Mark F. Hayden, General Manager for plaintiff, signed this letter of registration on 3 February 1988. The prospect named in the letter, MSA, later entered a lease for 33,399 square feet with plaintiff. Defendant moved for summary judgment, which the trial court granted. From this judgment plaintiff appeals.

*Hunter, Wharton & Lynch, by John V. Hunter, III, for plaintiff appellant.*

*Smith, Debnam, Hibbert & Pahl, by Jack P. Gulley, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends the trial court erred in granting defendant's motion for summary judgment that plaintiff owed defendant an $80,157.60 commission based upon a signed letter of registration. We do not agree. Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). No genuine issue of material fact is apparent from the record.

"Generally, a broker becomes entitled to a commission only if he is the procuring cause of the [lease]." *Beckham v. Klein,* 59 N.C. App. 52, 57, 295 S.E.2d 504, 507 (1982) (citations omitted). "Of course, the contract of the parties can vary this general rule." *Id.* (citation omitted).

The parties' agreement, a "letter of registration," stated:

This letter shall serve to register the following prospect, Management Systems Associates, hereinafter referred to as "Prospect," for approximately 30,000 net usable square feet on a three-year (or longer) term with possible renewal options at the end of the term(s).

Should a lease be consummated between Prospect and Koger Properties, Inc., Koger agrees to pay to me, my heirs or assigns, a commission of four percent (4%) of the total gross aggregate rental due under the terms of the lease for the initial term (payment of commission due one-half upon execution and one-half upon occupancy).

Plaintiff admitted in its answer to defendant's counterclaim that Mark F. Hayden signed this "letter of registration" in his capacity as General Manager of Koger Properties, Inc. Plaintiff, as principal, is liable for the acts of its agent acting within the scope of the agent's employment. *Allen v. Simmons,* 99 N.C. App. 636, 394 S.E.2d 478 (1990).

Although defendant was licensed as a broker in North Carolina, this letter of registration did not take the form of a conventional brokerage agreement. Defendant was not required to be the procuring cause of the lease, nor was he required to have negotiated with the lessee. *See Cooper v. Henderson*, 55 N.C. App. 234, 284 S.E.2d 756 (1981). Rather, under the letter's terms defendant became entitled to a commission upon the occurrence of an event, the signing of a lease between the Prospect and plaintiff. The agreement was similar to a "finder's fee" contract, "an arrangement by which an intermediary finds, introduces, and brings together parties to a real estate transaction, leaving the ultimate transaction and consummation of the transaction to the broker." *Gower v. Strout Realty, Inc.*, 56 N.C. App. 603, 605, 289 S.E.2d 880, 882 (1982). Such a "finder's fee" contract would not be a violation of N.C. Gen. Stat. § 93A-1 (1989) since defendant was licensed as a broker in North Carolina.

In his deposition defendant (a former employee of plaintiff) stated plaintiff preferred to conduct its own negotiations with prospective clients. Although plaintiff argues that defendant was required to do more than simply provide the name of a prospect, the agreement's language clearly requires only the consummation of a lease between the Prospect and plaintiff, nothing more. The judgment of the trial court is affirmed.

Affirmed.

Judges WELLS and EAGLES concur.