MARTHA PAMELA DAVIS, PLAINTIFF v. JOHN HENRY SELLERS AND SUE P. SELLERS, DEFENDANTS.

No. 9326SC496

(Filed 7 June 1994)

### 1. Unfair Competition or Trade Practices § 11 (NCI4th)— unfair and deceptive practices— homeowner exemption

Private homeowners selling their private residences are not subject to unfair and deceptive practice liability; therefore, the trial court properly granted defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim where plaintiff introduced evidence from defendant wife's deposition that she held a real estate broker's license, but both parties agreed at that time that defendant wife had never engaged in the business of selling real estate.

**Am Jur 2d, Consumer and Borrower Protection § 290.**

### 2. Unfair Competition or Trade Practices § 11 (NCI4th)— homeowner with real estate broker's license—referral fee paid to homeowner—homeowner engaged in commerce

Defendant wife indirectly engaged in the business of selling real estate when she used her real estate broker's license to obtain a referral fee for the sale of her home, and defendant wife's receipt of the referral fee brought her transaction within the scope of N.C.G.S. § 75-1.1.

**Am Jur 2d, Consumer and Borrower Protection § 290.**

1

DAVIS v. SELLERS

[115 N.C. App. 1 (1994)]

3.  **Costs § 31 (NCI4th)— attorney's fees—statute inapplicable**

Since plaintiff's recovery of damages was in excess of $10,000, N.C.G.S. § 6-21.1 did not apply, and the trial court did not err in denying plaintiff's motion for attorney's fees.

**Am Jur 2d, Costs §§ 72-86.**

**Award of attorneys' fees in actions under state deceptive trade practice and consumer protection acts. 35 ALR4th 12.**

4.  **Fraud, Deceit, and Misrepresentation § 20 (NCI4th)— buyer's reliance on home seller's statement—reasonableness of reliance jury question**

The reasonableness of plaintiff buyer's reliance on the female defendant homeowner's statement that defendants' house had had no water problems since defendants had owned it was an issue for the jury to decide, and the trial court therefore did not err in denying defendants' motion for directed verdict as to plaintiff's fraud claim.

**Am Jur 2d, Fraud and Deceit §§ 247 et seq.**

5.  **Fraud, Deceit, and Misrepresentation § 4 (NCI4th)— sale of home—wife as agent for husband—sufficiency of evidence**

There was sufficient evidence from which the jury could infer that defendant wife acted as the agent of defendant husband in selling their home and in making a fraudulent statement, and the trial court therefore did not err in refusing to charge the jury with regard to each defendant separately.

**Am Jur 2d, Fraud and Deceit §§ 311 et seq.**

Appeal by plaintiff from judgment signed 26 October 1992 by Judge Hollis M. Owens, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 February 1994.

On 31 May 1991, plaintiff, a first time homebuyer, purchased a house located at 5429 Gwynne Avenue in Charlotte, North Carolina. Defendants owned the house and listed it for sale with Wanda Smith Realty. Plaintiff's purchase contract provided that "there shall be no unusual drainage conditions or evidence of excessive moisture adversely affecting the structure(s)." Under the contract, plaintiff

**DAVIS v. SELLERS**

[115 N.C. App. 1 (1994)]

was entitled to have the property inspected by a reputable inspector or contractor.

On 8 May 1991, inspections were conducted on the property while plaintiff, her real estate agent Geoff Campbell, and defendant Sue Sellers (hereinafter defendant wife) were present. One inspector told both plaintiff and Campbell that he had observed water marks in the crawl space under the house that "might have indicated flooding at some time in the past." Plaintiff testified that:

> Right after the inspectors had told us about the water mark, that prompted my realtor, Geoff Campbell, to ask [defendant wife] as she was standing right there in front of the inspectors if there had been any water problems that had happened in the past since they had owned the home and she responded no. I took her at her word.

A few days after plaintiff purchased the house, plaintiff received a letter in her mailbox from the Charlotte City Engineering Department. The letter was addressed to defendant and stated that "On February 25th, 1991, you [defendant wife] wrote a letter addressed to Henry Underhill, City Attorney, concerning your storm drainage problem at 5429 Gwynne Avenue." The letter indicated that plaintiff's property had severe storm water drainage problems and that it would cost approximately half a million dollars to repair the drainage system. The letter also stated that plaintiff and the other homeowners in the neighborhood affected by the drainage problem would be responsible for paying 20% or approximately $70,000 of the cost to repair the drainage system.

Plaintiff telephoned the Charlotte City Engineering Department and spoke with Mr. Al Rich. Mr. Rich told plaintiff that he was familiar with the problems at her property and that he had been working with defendants for about five years on the problem.

On 2 October 1991, plaintiff filed suit against defendants alleging fraud and unfair and deceptive practices, a violation of G.S. 75-1.1. At the close of plaintiff's evidence at trial, defendants moved for directed verdict as to both of plaintiff's claims. The trial court granted defendants' motion as to plaintiff's unfair and deceptive practices claim but denied the motion as to plaintiff's fraud claim. The case went to the jury on the issue of fraud.

On 9 September 1992, the jury returned a verdict in favor of plaintiff and awarded plaintiff compensatory damages of $9,200. On 11

**DAVIS v. SELLERS**

[115 N.C. App. 1 (1994)]

September 1992, plaintiff filed a motion for attorney's fees pursuant to G.S. 6-21.1. On 29 October 1992, the trial court entered judgment for plaintiff on the jury verdict but denied plaintiff's motion for attorney's fees. Plaintiff filed notice of appeal on 18 November 1992 and defendants cross appealed on 24 November 1992.

On 9 March 1993, while this case was pending on appeal, plaintiff filed a motion with the trial court pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure to overturn its order granting defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim. The relevant portions of the motion are as follows:

2. At the close of Plaintiff's evidence, this Court granted Defendants' motion for directed verdict with respect to Plaintiff's claim for unfair and deceptive trade practices. The sole basis for the motion was the so-called "private homeowners exception" to N.C.G.S. § 75-1.1. The Court felt constrained by applicable precedent in the North Carolina Court of Appeals to the effect that a homeowner not in the realty business was excepted from unfair and deceptive trade practices liability.

3. Defendant Sue Sellers admitted at the time of trial that she was a licensed realtor. Both at the trial and at her deposition, however, Mrs. Sellers denied that she had ever engaged in the realty business, including in connection with the sale of her own home. . . .

4. Several months following the trial of this case, Plaintiff's counsel learned from Geoff Campbell, a witness at the trial, that he believed Mrs. Sellers may have received a "referral fee" in connection with the sale of her residence. Applicable real estate regulations make it clear that only a person engaged in the business of being a realtor can receive such a fee. . . .

5. Promptly after receiving this information, Plaintiff's counsel followed up with Wanda Smith & Associates to determine if such consideration was paid to Mrs. Sellers. Wanda Smith's office confirmed that a 20% referral fee, in the amount of $395.00, was paid to Mrs. Sellers, who received such fee upon furnishing Wanda Smith her realty license number. *See* Affidavit of Linda Morrow.

6. No documentation of this fee was revealed to Plaintiff at the closing or at any other time. Defendant Sue Sellers did not produce any check copies, deposit receipts or other documentary evidence regarding the same. She denied under oath that she had ever pur-

**DAVIS v. SELLERS**

[115 N.C. App. 1 (1994)]

sued "at all" the realty business. Had she testified fully and forth-rightly and provided all documents in her possession with respect to this matter, evidence of such referral fee would have been sub-mitted by Plaintiff at the trial.

7. This evidence establishes as a matter of law that Mrs. Sellers was engaged in the business of being a realtor when she sold her home to the Plaintiff. Under these circumstances, the "private home owners exception" to N.C.G.S. § 75-1.1 is not available. *Compare Rucker v. Huffman*, 99 N.C. App. 137 (1990). . . .

8. The jury in this case properly found fraud. Under North Carolina law, a finding of fraud automatically results in unfair and deceptive trade practices liability. *Bhatti v. Buckland*, 328 N.C. 240 (1991).

. . . .

WHEREFORE, Plaintiff prays that this Court make an appropriate entry in the record indicating its disposition to grant Plaintiff's Rule 60(b) motion and therewith to enter judgment for Plaintiff in the amount of $27,600, plus costs and reasonable attorney's fees, together with such other and further relief as this Court deems just and proper.

The trial court entered the following order regarding plaintiff's Rule 60(b) motion:

ORDER

This matter came on before hearing before the undersigned Superior Court Judge on March 17, 1993, pursuant to the motion filed by Plaintiff under Rule 60(b) of the North Carolina Rules of Civil Procedure. Plaintiff had requested that this Court indicate its disposition on the record regarding how the Court would rule on this motion were an appeal not pending. Plaintiff contended that the newly discovered evidence that Defendant Sue P. Sellers had been paid a broker's referral fee of $369.00 in connection with the sale of 5429 Gwynne Avenue indicated that this Court's entry of directed verdict with respect to Plaintiff's claim under N.C.G.S. § 75-1.1 should be overturned.

Having considered the matters of record and the arguments of counsel, the Court, pursuant to *Bell v. Martin*, 43 N.C. App. 134 (1979), indicates as a matter of record that it would be inclined to

DENY Plaintiff's motion. The Court would find as a fact that the newly discovered evidence proffered by Plaintiff could not have been discovered through the exercise of due diligence. The Court would also conclude, however, that the evidence that Defendant used her real estate brokerage license to earn a referral fee of $369.00 is insufficient as a matter of law to bring this transaction into "commerce" as required by N.C.G.S. § 75-1.1.

Plaintiff appeals. Defendants cross appeal.

*Robinson, Bradshaw & Hinson, P.A., by David C. Wright, III, for plaintiff-appellant.*

*Robert E. McCarter for defendant-appellee.*

EAGLES, Judge.

Plaintiff contends in her appeal that the trial court erred in 1) granting defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim, 2) denying plaintiff's Rule 60(b) motion for relief from the trial court's order granting defendants' motion for directed verdict and 3) denying plaintiff's motion for attorney's fees pursuant to G.S. 6-21.1. Defendants contend in their cross appeal that the trial court erred in 1) denying defendants' motion for directed verdict on plaintiff's fraud claim and 2) refusing to charge each defendant separately. After careful review of the record and briefs, we conclude that while the trial court correctly granted defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim at the close of plaintiff's evidence, the trial court erred and abused its discretion in denying plaintiff's Rule 60(b) motion for relief. We conclude that plaintiff's newly discovered evidence subjects defendants to liability for unfair and deceptive practices under G.S. 75-1.1. Since we conclude that defendants are subject to liability for Chapter 75 unfair and deceptive practices and the jury has already found defendants liable for fraud, we further conclude that plaintiff is entitled to have the damages awarded on the jury verdict trebled. Accordingly, we remand to the trial court for entry of judgment trebling plaintiff's damages on the jury verdict.

## I. PLAINTIFF'S APPEAL

### A.

[1] Plaintiff first contends that the trial court erred in granting defendants' motion for directed verdict at the close of plaintiff's evidence on plaintiff's unfair and deceptive practices claim. We disagree.

**DAVIS v. SELLERS**

[115 N.C. App. 1 (1994)]

G.S. 75-1.1 declares unlawful "unfair and deceptive acts or practices in or affecting commerce." Except for certain limited exemptions set forth in the statute, commerce includes "all business activities, however denominated." G.S. 75-1.1(b). This court has stated that, "The purpose of G.S. 75-1.1 is to provide a civil means to maintain ethical standards of dealings between persons engaged in business and the consuming public within this State and applies to dealings between buyers and sellers at all levels of commerce." *United Virginia Bank v. Air-Lift Associates*, 79 N.C. App. 315, 320, 339 S.E.2d 90, 93 (1986). This court has also held, however, that private homeowners selling their private residences are not subject to unfair and deceptive practice liability. *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988); *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979). Plaintiff argues that the private homeowner's exemption created by this court in *Robertson* and *Rosenthal, supra*, was questioned by our Supreme Court in *Bhatti v. Buckland*, 328 N.C. 240, 400 S.E.2d 440 (1991). Plaintiff contends that the Court's ruling in *Bhatti, supra*, severely eroded the foundation of the private homeowners exemption and that this court should no longer apply the exemption. We note, however, that the Court in *Bhatti* assumed *arguendo* that the private homeowner's exemption existed. *Id.* at 245, 400 S.E.2d at 443. Accordingly, we conclude that the private homeowner's exemption continues to exist.

At the close of plaintiff's evidence, plaintiff had introduced no evidence that defendants were anything other than private homeowners selling their home. Although plaintiff introduced evidence from defendant wife's deposition that she held a real estate broker's license, both parties agreed at that time that defendant wife had never engaged in the business of selling real estate. Accordingly, the trial court properly granted defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim based upon our holdings in *Boyd* and *Perkins, supra*.

### B.

[2] Plaintiff next contends that the trial court erred in denying its Rule 60(b) motion for relief from the trial court's order granting defendants' motion for directed verdict on plaintiff's unfair and deceptive practices claim. We agree.

Several months after trial, plaintiff's counsel discovered that defendant wife received a 20% referral fee of $369 from Wanda Smith & Associates, the listing agent of defendants' house. In order to receive the referral fee, defendant wife gave Wanda Smith & Associates her

social security number and her North Carolina real estate broker number. Plaintiff argued in her Rule 60(b) motion that defendant wife's receipt of the referral fee "establishe[d] as a matter of law that [defendant wife] was engaged in the business of being a realtor when she sold her home to the Plaintiff." In its order denying plaintiff's Rule 60(b) motion, the trial court stated that "the evidence that [defendant wife] used her real estate brokerage license to earn a referral fee of $369.00 is insufficient as a matter of law to bring this transaction into 'commerce' as required by N.C.G.S. § 75-1.1." We disagree.

G.S. 93A-1 provides that it is unlawful for any person to act as a real estate broker or real estate salesperson or to directly or indirectly engage in the business of being a real estate broker or real estate salesperson without a license issued by the North Carolina Real Estate Commission. Under G.S. 93A-6(a)(9) a real estate broker may not pay a commission or valuable consideration to any person for acts or services performed in violation of Chapter 93A. In *Gower v. Strout Realty, Inc.*, 56 N.C. App. 603, 289 S.E.2d 880 (1982), this court held that a contract to pay an unlicensed party a "finder's fee" for finding, introducing and bringing together parties to a real estate transaction but leaving the ultimate consummation of the transaction to the broker, violated G.S. 93A-1. The *Gower* court stated:

> [T]hough the finder or originator does not assist in the ultimate negotiations of sale, the real estate licensing statutes would become meaningless if unlicensed parties were able to carry on traditional brokerage activities under a finder's fee contract.

*Id.* at 605, 289 S.E.2d at 882. One who conducts activities pursuant to a finder's fee contract is engaged indirectly in the business of being a real estate broker or salesperson. A person engaged either directly or indirectly in the sale of real estate is engaged in commerce within the meaning of G.S. 75-1.1. *See, Rosenthal v. Perkins*, 42 N.C. App. 449, 454, 257 S.E.2d 63, 67 (1979).

Here, defendant wife used her real estate broker's license to receive a $369 referral fee from Wanda Smith & Associates for the sale of her own home. We conclude that defendant wife indirectly engaged in the business of selling real estate when she used her real estate broker's license to obtain a referral fee for the sale of her home. Although persons selling their own private residence are exempt from Chapter 75 liability, *Rosenthal, supra,* defendant wife's receipt of the referral fee brings defendants' transaction within the scope of G.S. 75-1.1.

A plaintiff who proves fraud thereby establishes that unfair or deceptive acts have occurred in violation of G.S. 75-1.1. *Bhatti v. Buckland*, 328 N.C. 240, 243, 400 S.E.2d 440, 442 (1991); *Hardy v. Toler*, 288 N.C. 303, 309, 218 S.E.2d 342, 346 (1975) (proof of fraud necessarily constitutes an unfair and deceptive act). Once a violation of Chapter 75 is found, treble damages must be awarded. *Bhatti* at 243, 440 S.E.2d at 442. Since the jury found in favor of plaintiff on her fraud claim, plaintiff is entitled to treble damages. Accordingly, we remand to the trial court to enter judgment trebling plaintiff's damages on the jury verdict.

## C.

[3] Plaintiff contends that the trial court abused its discretion in failing to award reasonable attorney's fees. We disagree.

At the end of trial, plaintiff moved for attorney's fees pursuant to G.S. 6-21.1. G.S. 6-21.1 provides in relevant part:

> In any ... property damage suit ..., where the judgment for recovery of damages is ten thousand dollars ($10,000) or less, the presiding judge may, in his discretion, allow a reasonable attorney fee to the duly licensed attorney representing the litigant ....

Since we are remanding this case to the trial court to enter judgment trebling plaintiff's damages, plaintiff's recovery for damages will be in excess of $10,000. Accordingly, G.S. 6-21.1 will not apply. We note, however, that upon remand, the trial court may in its discretion award plaintiff a reasonable attorney's fee pursuant to G.S. 75-16.1. Accordingly, this assignment of error is overruled.

## II. DEFENDANTS' CROSS APPEAL

## A.

[4] Defendants first contend in their cross appeal that the trial court erred in denying defendants' motion for directed verdict as to plaintiff's fraud claim. We disagree.

In reviewing the denial of defendants' motion for directed verdict, we consider the evidence in the light most favorable to plaintiff and resolve all conflicts in the evidence in plaintiff's favor. *Blanchfield v. Soden*, 95 N.C. App. 191, 194, 381 S.E.2d 863, 864 (1989). A motion for directed verdict should be denied "if there is more than a scintilla of evidence supporting each element of the nonmovant's case." *Freese v. Smith*, 110 N.C. App. 28, 33-34, 428 S.E.2d 841, 845-46 (1993).

To establish a claim for fraud, plaintiff must present evidence on each of these six elements:

> (1) [T]hat defendants made a representation of a material past or existing fact, (2) that the representation was false, (3) that defendants knew the representation was false or made it recklessly without regard to its truth or falsity, (4) that the representation was made with the intention that it would be relied upon, (5) that plaintiff[] did rely on it and that their reliance was reasonable, and (6) that plaintiff[] suffered damages because of their reliance.

*Blanchfield v. Soden*, 95 N.C. App. 191, 194, 381 S.E.2d 863, 864 (1989). Defendants contend that plaintiff's reliance on defendant wife's statement that the house had no water problems was unreasonable as a matter of law.

Plaintiff's inspectors inspected the house and informed plaintiff that there were water marks in the crawl space under the house that "might have indicated flooding at some time in the past." When plaintiff's inspector told plaintiff about the water marks under the house, plaintiff's real estate agent asked defendant wife, "Do you have any water problems?" Defendant wife answered, "No." Defendants contend that plaintiff's failure to make further inquiries after the inspector told plaintiff about the water marks made plaintiff's reliance upon defendant wife's statement unreasonable as a matter of law. We disagree.

In considering the issue of reasonable reliance, our Supreme Court has stated:

> Just where reliance ceases to be reasonable and becomes such negligence and inattention that it will, as a matter of law, bar recovery for fraud is frequently very difficult to determine. . . . In close cases, however, we think that a seller who has intentionally made a false representation about something material, in order to induce a sale of his property, should not be permitted to say in effect, "You ought not to have trusted me. If you had not been so gullible, ignorant, or negligent, I could not have deceived you." Courts should be very loath to deny an actually defrauded plaintiff relief on this ground.

*Johnson v. Owens*, 263 N.C. 754, 758, 140 S.E.2d 311, 314 (1965). In *Blanchfield v. Soden*, 95 N.C. App. 191, 381 S.E.2d 863 (1989), this court held that plaintiffs did not unreasonably rely as a matter of law

on the Soden's affirmative statement that the house plaintiffs were purchasing had a new roof even though plaintiffs had knowledge that the roof leaked. There, plaintiffs' inspectors had informed plaintiffs that the roof was cracked and that it leaked. Plaintiffs contended that they relied on defendants' representations that the roof was new and that the problem was minor. In holding that the question of plaintiffs' reasonable reliance was a question for the jury, this court stated:

> While plaintiffs knew that the roof leaked, their failure to inspect it further was not unreasonable as a matter of law. Mr. Soden assured plaintiffs that the roof would be *repaired*. He failed to inform plaintiffs, however, that the roof repairman had recommended that the roof be *replaced*. Since he had previously told plaintiffs that the roof was new and that the leak would be repaired, plaintiffs had no reason to doubt Mr. Soden's word. Whether plaintiff's testimony was credible—that he thought the leaks were due to a bad seal or "a glitch" in the "new" roof—was an issue for the jury.

*Id.* at 195, 381 S.E.2d at 865.

Here, plaintiff's inspector informed her that there were water marks under the house that "might have indicated flooding at some time in the past." Plaintiff testified that she took defendant wife at her word when defendant wife stated that the house had no water problems since defendants had owned the house. Although plaintiff had notice of the water marks under the house, plaintiff was fraudulently induced to forego further inquiry which she otherwise would have made. *See Bolick v. Townsend Co.*, 94 N.C. App. 650, 381 S.E.2d 175 (1989); *Olivetti Corp. v. Ames Business Systems, Inc.*, 319 N.C. 534, 356 S.E.2d 578 (1987). Accordingly, we conclude that on these facts, the reasonableness of plaintiff's reliance was an issue for the jury to decide.

## B.

[5] Finally, defendants contend that the trial court erred in refusing to charge each defendant separately. Defendants argue that defendant John Henry Sellers (hereinafter defendant husband) was not present during the negotiations for the sale of the house and that he did not engage in any discussions with plaintiff. Accordingly, defendants contend that there was no evidence that defendant husband participated in any fraud upon plaintiff. We disagree.

In *Douglas v. Doub*, 95 N.C. App. 505, 383 S.E.2d 423 (1989), defendants husband and wife were found liable for fraud in selling a condominium. There, defendant husband fraudulently represented to plaintiff that the condominium had undergone recent repairs because of a "bursted [sic] water pipe" when in fact the condominium had been repaired because portions of the foundation had sunk into the ground on two previous occasions. Defendant wife claimed that she was entitled to a directed verdict on the fraud claim because no evidence showed that she made any representations to plaintiff. This court held that although the defendant wife personally did not make any fraudulent representations to plaintiff regarding the sale of the condominium, defendant wife could still be held liable for defendant husband's fraud if defendant husband was acting as defendant wife's agent when he made the fraudulent representations. In concluding that the evidence was sufficient to establish an agency relationship, this court stated:

> [A]gency of the husband for his wife may be "shown by evidence of facts and circumstances which authorize a reasonable inference that he was authorized to act for her." "The wife's retention of benefits from a contract negotiated by the husband is a factual circumstance giving rise to such an inference." The fact that the "principal did not know or authorize the commission of the fraudulent acts" is immaterial.
>
> The plaintiff argues, and we agree that defendant wife received a benefit when plaintiff assumed the note and deed of trust which defendants had executed to the Pfefferkorn Company. The assumption of the loan by the plaintiff relieved the defendant wife from a $39,950 obligation. While there is no evidence defendant wife ever received any money from the sale of the condominium to the plaintiff, the evidence relating to the loan assumption is a factual circumstance from which a jury could infer that defendant husband was authorized to act for defendant wife.

*Douglas v. Doub*, 95 N.C. App. 505, 513-14, 383 S.E.2d 423, 427-28 (1989) (citations omitted).

Here, there is ample evidence to create a reasonable inference that defendant wife was acting on behalf of defendant husband in selling defendants' house. Defendant husband participated with his wife in listing the property for sale with Wanda Smith & Associates. Although defendant husband was out of town during the time his

**DAVIS v. SELLARS**

[115 N.C. App. 1 (1994)]

wife represented to plaintiff that the house had no water problems, he testified that he knew what took place during those negotiations because he was in contact with his wife every day. Finally, defendant husband received a benefit from the sale of his home because as a co-owner of the property, he was entitled to receive half of the proceeds from the sale of the house. Accordingly, we conclude that there was sufficient evidence from which the jury could infer that defendant wife acted as the agent of defendant husband in selling the property. This cross assignment of error is overruled.

## III.

In sum, we conclude that the trial court erred and abused its discretion in denying plaintiff's Rule 60(b) motion for relief. Defendants do not come within the private homeowner's exemption in *Robertson v. Boyd*, 88 N.C. App. 437, 363 S.E.2d 672 (1988) and *Rosenthal v. Perkins*, 42 N.C. App. 449, 257 S.E.2d 63 (1979), and are subject to liability for Chapter 75 unfair and deceptive practices because defendant wife engaged in the business of being a real estate broker when she used her real estate broker's license to obtain a $369 referral fee. Since the jury found defendants liable for fraud and a finding of fraud necessarily constitutes an unfair and deceptive practice in violation of G.S. 75-1.1, we remand to the trial court to enter judgment trebling plaintiff's damages on the jury verdict. We find no abuse of discretion in the trial court's disallowance of attorney's fees but note that upon remand to the trial court, plaintiff may move for attorney's fees pursuant to G.S. 75-16.1. Defendants cross assignments of error are overruled. Accordingly, we remand to the trial court for further proceedings not inconsistent with this opinion.

Affirmed in part, reversed in part and remanded.

Judges JOHNSON and LEWIS concur.