An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-33

Filed 20 August 2025

Mecklenburg County, No. 23CVS036777-590

JOSEPH A. FRENCH, Plaintiff,

v.

RAJ KUMAR and FIRST GROUP INVESTMENTS, LLC, Defendants.

Appeal by plaintiff from order entered 11 September 2024 by Judge Louis A. Trosch Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 10 June 2025.

> *Weaver Bennett & Bland, PA, by David B. Sherman, Jr., and Michael David Bland, for plaintiff-appellant.*
>
> *The Law Office of Miles S. Levine, by Miles S. Levine, for defendants-appellees.*

GORE, Judge.

Plaintiff Joseph A. French appeals from an order granting summary judgment in favor of defendants Raj Kumar and First Group Investments, LLC, on claims for fraud, unfair and deceptive trade practices, and quantum meruit. The central issue on appeal is whether French's conduct in securing a purchaser for real property constituted unlicensed real estate brokerage activity under Chapter 93A of the North

Carolina General Statutes, thereby precluding recovery on his claims.

Jurisdiction is proper pursuant to N.C.G.S. § 7A-27(b), which permits appeal from a final judgment of a superior court. Upon review, we affirm the trial court's order.

**I.**

In April 2021, plaintiff French, a tenant of property owned by First Group Investments, LLC and managed by defendant Kumar, was offered a 3% "finder's fee" if he could identify a buyer for the property. French located a buyer, Tommy Morgan, and obtained Kumar's signature on a document promising a 2% fee before introducing the parties. Despite this, defendants ultimately listed the property with a licensed brokerage and sold it to Morgan's company, PTM Holdings 2, LLC, for $2.775 million on 10 November 2021. French was not compensated.

French filed suit asserting tort and quasi-contract claims. The trial court granted summary judgment to defendants, concluding that plaintiff's claims were barred under N.C.G.S. § 93A-2 due to his lack of a real estate broker's license.

**II.**

We review summary judgment orders de novo to determine whether there are genuine issues of material fact and whether the movant is entitled to judgment as a matter of law. *In re Will of Jones*, 362 N.C. 569, 573 (2008).

**A.**

North Carolina law prohibits persons from acting as real estate brokers

without a license. A "real estate broker" includes any person who "for a compensation or valuable consideration or promise thereof . . . negotiates the purchase or sale . . . of real estate . . . for others." N.C.G.S. § 93A-2(a) (2024).

French admits he sought compensation in exchange for introducing a buyer to Kumar and facilitating the sale of real estate. Regardless of whether he participated in negotiations, North Carolina law does not exempt "finder's fees" from licensure requirements. As this Court held in *Gower v. Strout Realty, Inc.*, 56 N.C. App. 603, 605 (1982), permitting unlicensed individuals to receive compensation for bringing parties together would render the "licensing statutes . . . meaningless."

Although French argues the statute must be narrowly construed and that his role was minimal, the record reflects he acted "for others" and sought compensation, squarely within the statutory definition.

**B.**

French also asserts claims for fraud, unfair and deceptive trade practices, and quantum meruit, contending these survive even if the underlying agreement is unenforceable.

However, courts have repeatedly held that parties cannot circumvent licensing statutes through alternative legal theories. *See McArver v. Gerukos*, 265 N.C. 413, 417 (1965) ("[O]ne who has contracted to do the forbidden act may not, after performing his contract, sue in the courts to recover the agreed consideration for such performance."). The public policy embedded in Chapter 93A forbids enforcement of

agreements for unlicensed brokerage services, regardless of the theory of recovery.

Moreover, French's damages across all claims are identical: the 2% fee.  This confirms each claim arises from the same prohibited activity.  This Court need not separately assess elements of fraud or unjust enrichment because recovery under either would contravene statutory policy.

## III.

Plaintiff's conduct fell within the scope of real estate brokerage as defined in N.C.G.S. § 93A-2(a).  Because he was not licensed, public policy precludes recovery on any theory arising from that conduct.  The trial court properly granted summary judgment to defendants.

AFFIRMED.

Judges STROUD and HAMPSON concur.

Report per Rule 30(e).